IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRIAN WILLIAM ADERHOLD,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br><br>Case No. 2:07-CV-166 PGC |

On January 31, 2006, this court sentenced Brian William Aderhold, following his entry of a guilty plea. On February 20, 2007, Mr. Aderhold filed a petition for writ of habeas corpus. Although Aderhold asserts that his petition is filed pursuant to 28 U.S.C. § 2241 and not pursuant to 28 U.S.C. § 2255,[1] Aderhold's petition challenges the court's jurisdiction to impose sentence in his criminal case.[2] Such a challenge falls squarely within the scope of § 2255, which

---

[1] Petr.'s Pet. for Writ of Habeas Corpus 1 ("The petitioner hereby submits this **Petition For Writ of Habeas Corpus** pursuant to **28 U.S.C. § 2241** and not pursuant to 28 U.S.C. § 2255 . . . .").

[2] Petr.'s Pet. for Writ of Habeas Corpus

explicitly encompasses challenges to the court's jurisdiction to impose sentence.[3]  Consequently, the court construes Mr. Aderhold's petition as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Because Mr. Aderhold filed his motion outside the limitations period outlined in § 2255, and because Mr. Aderhold waived his right to file a § 2255 motion, the court DENIES his motion.

## DISCUSSION

Although Mr. Aderhold claims his motion is a motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, the court finds that, as a challenge to the court's jurisdiction, it falls squarely within the purview of § 2255.  Section 2255 explicitly encompasses challenges to the court's jurisdiction to impose a sentence.[4]  "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence."[5]  Because Mr. Aderhold is challenging the validity of his conviction and not the execution of his sentence, § 2255 is the appropriate vehicle for his motion.[6]  Consequently, the court must construe Mr. Aderhold's motion as a petition pursuant to § 2255.  Thus construed, Mr. Aderhold's motion fails because it was filed outside of the statutory limitations period, and because Mr. Aderhold waived his right to file a § 2255 motion in his statement in advance of his plea.

---

[3] *See* 28 U.S.C. § 2255.

[4] *See* 28 U.S.C. § 2255.

[5] *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

[6] *See Dulworth v. Evans*, 442 F.3d 1265, 1268 (10th Cir. 2006).

### A. Mr. Aderhold's Motion Is Time-Barred

Mr. Aderhold's motion fails on procedural grounds because he filed it outside of the limitations period. As a general rule, a prisoner may not file a § 2255 motion for federal post-conviction relief more than one year after his conviction becomes final.[7] Motions filed pursuant to § 2255 must be filed one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.[8]

In this case, Mr. Aderhold presents no arguments showing an intent to rely on subsections (2), (3), or (4), and none of these sections appear to apply. The court, therefore, limits its analysis to subsection (1). Under rule 4(b)(1), Mr. Aderhold had ten days after January 31, 2006, the date the court entered judgment against him, in which to file notice of appeal.[9] Mr. Aderhold filed no appeal at this time. Mr. Aderhold then had one year — or until February 10, 2007 — in which to file his § 2255 motion. However, Mr. Aderhold first filed his motion on February 20, 2007.

In extraordinary circumstances, the limitations period in § 2255 can be equitably tolled,

---

[7] *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997).

[8] 28 U.S.C. § 2255.

[9] Fed. R. App. P. 4(b)(1).

but the defendant has the burden of demonstrating the inadequacy of the one-year limitations period.[10] Such extraordinary circumstances must be those over which the petitioner has no control, and the petitioner must still diligently pursue his claims.[11] "Extensions of time will be granted only if extraordinary circumstances beyond prisoners' control make it impossible to file petitions on time."[12] There is no indication anything beyond Mr. Aderhold's control prevented him from filing the petition on time or affected the availability of § 2255 as a remedy. The court, therefore, denies Mr. Aderhold's remedy as untimely.

      B.      *Mr. Aderhold Waived His Right to File a § 2255 Motion*

Even if Mr. Aderhold's motion had not failed on jurisdictional grounds, he waived his ability to challenge his sentence in his statement in advance of his plea.[13] Under Tenth Circuit law,

> such waivers generally are enforceable, with regard to both direct appeals and collateral attacks. [A] waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made.[14]

These appeal waiver provisions lose their enforceability when the voluntariness of the plea itself is being challenged or when the petitioner claims ineffective assistance of counsel with regard to negotiating or entering the plea agreement itself. But collateral attacks are waivable if they fall

---

[10] *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

[11] *Id.* at 978.

[12] *Calderon v. U.S. District Court*, 128 F.3d 1283, 1289 (9th Cir. 1997).

[13] Statement by Def. in Advance of Plea 3-4 (Docket No. 20 in Case No. 2:05-cr-544).

[14] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001).

outside the category of ineffective assistance of counsel claims that challenge the validity of the plea or the waiver.[15]

In this case, Mr. Aderhold never claimed his counsel was ineffective with regard to the entry of his plea or the waiver of his appeal, nor that his entry into the plea agreement and waiver were unknowing or involuntary.  Therefore, Mr. Aderhold waived his right to file a § 2255 motion or appeal in his statement in advance of his plea.

*C. Aderhold's Petition Fails on the Merits*

Even if Mr. Aderhold's petition were timely filed, and even if Mr. Aderhold had not waived his right to file a § 2255 motion, the petition fails on the merits.  Mr. Aderhold has presented no evidence in support of his claim that the court lacked jurisdiction over the underlying criminal action.

**CONCLUSION**

Based on the foregoing, the court DENIES Mr. Aderhold's motion to vacate, correct, or set aside his sentence (#1).  In light of this ruling, the court denies as MOOT petitioner's motion for production of documents and records (#2), motion to produce documents and records (#3), motion to produce documents and records (#4), motion for summary judgment (#7), motion to vacate and motion for relief (#9), motion to compel disclosure for the production of documents (#10), and motion to produce (#11).  The Clerk's Office is directed to close this case.

SO ORDERED.

DATED this 24th day of April, 2007.

---

[15] *Id.* at 1187.

BY THE COURT:

_____
Paul G. Cassell
United States District Judge